IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ANNA GUTIERREZ and PATSY FLORES,

        Plaintiffs,

        vs.                                  Civ. No. 12-980 JH/GBW

LUNA COUNTY SHERIFF RAYMOND COBOS,
in his individual and official capacity; LUNA COUNTY
SHERIFF DEPUTY GABRIEL MAYNES, DEPUTY
MIKE EBY, DEPUTY TRINI GARCIA, DEPUTY
JOSE OJEDA, DEPUTY ISRAEL SAENZ, Jr., in
their individual and official capacities; LUNA
COUNTY CENTRAL DISPATCH DIRECTOR
MIRNA GRADO and DISPATCH EMPLOYEE
LUHANA VILLALBA, in their individual and
official capacities; LUNA COUNTY MANAGER
JOHN SUTHERLAND, in his individual and official capacity,

        Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' *Joint Motion for Costs and Attorneys'
Fees*. [Doc. 170]  Having reviewed the motion, briefs, the extensive record, and relevant law,
the Court concludes that the motion for costs should be granted but the motion for Defendants'
attorney's fees should be denied.

## PROCEDURAL BACKGROUND

On August 25, 2015, the Court filed a Memorandum Opinion and Order granting
summary judgment, which resolved the remaining claims in the case.  [Doc. 167]  The Court
filed the Final Judgment on the same date.  [Doc. 168]

Plaintiffs filed a Notice of Appeal. The case is currently pending before the Tenth Circuit.

On September 24, 2015, Defendants filed their timely *Joint Motion for Costs and Attorneys' Fees*. [Doc. 170] *See* D.N.M.LR-Civ. 54.1 & 54.5; Fed. R. Civ. P. 54. Plaintiffs filed a response [Doc. 173], and Defendants filed a reply [Doc. 177].

## DISCUSSION

In a series of six Memorandum Opinions and Orders, the Court resolved numerous motions and ultimately granted motions for dismissal or summary judgment to Defendants on all of Plaintiffs' claims. [Docs. 120, 141, 149, 154, 161, 167] On August 25, 2015, the Court issued the Final Judgment, stating that all claims had been resolved. Defendants therefore are the prevailing parties in this case.

### I. Defendants' Costs

#### A. Legal Standards

An award of costs (other than attorney's fees) to the prevailing party is presumptive under Federal Rule of Civil Procedure 54(d)(1). The general costs statute permits recovery of fees for printed or electronically recorded transcripts necessarily obtained for use in the case, fees and disbursements for printing and witnesses, and fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case. 28 U.S.C. § 1920.

#### B. Analysis

Defendants move for an award of costs totaling $123.44 for the Sixth Judicial District Court's file copying fees. In accordance with D.N.M.LR-Civ. 54.1, Defendants attach itemized

cost bills for $109.09 and $14.35.  [Doc. 170-1, p. 4; Doc. 170-2, p. 4]  Defendants prevailed in this case, and are presumptively entitled to an award of these costs.  *See* 28 U.S.C. § 1920; Fed. R. Civ. P. 54(d)(1).  The Tenth Circuit has upheld the traditional presumption in favor of awarding costs, even when the prevailing party is a defendant in a civil rights case.  *Mitchell v. City of Moore*, 218 F.3d 1190, 1204 (10th Cir. 2000).

Plaintiffs cursorily oppose Defendants' motion, but provide no specific argument against an award of costs.  Although Plaintiffs request the Court to wait until after resolution of their appeal, the Court sees no reason to do so.

The Court will grant Defendants' motion for award of their combined costs totaling $123.44.

## II.  Defendants' Attorney's Fees Under 42 U.S.C. § 1988

### A.  Legal Standards

Under the "American Rule," each party in a lawsuit ordinarily bears its own attorney's fees absent express statutory authorization to the contrary.  *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983).  § 1988(b) authorizes a court, in its discretion, to award a reasonable attorney's fee to the prevailing party in civil rights litigation.  "The purpose of § 1988 is to ensure 'effective access to the judicial process' for persons with civil rights grievances."  *Hensley*, 461 U.S. at 429 (quoting H.R. Rep. No. 94-1558, p. 1 (1976)).  A prevailing plaintiff "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust."  *Id.* (internal quotation marks omitted).  Strong equitable considerations favor an award of attorney's fees to a prevailing civil rights plaintiff.  First, the plaintiff "is the chosen instrument of Congress to vindicate 'a policy that Congress considered of the highest priority.'"  *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 418 (1978) (quoting *Newman v. Piggie Park Enters.*, 390 U.S. 400,

402 (1968)).  Second, when a court awards attorney's fees to a prevailing plaintiff, the award is against a party that has violated federal law.  *Id.*  Fee shifting thus reimburses a plaintiff for the cost to vindicate civil rights while at the same time holding to account a defendant who has violated federal law.  *Fox v. Vice*, 563 U.S. 826, 833 (2011).

Although § 1988(b) allows an award of attorney's fees to a defendant, the equitable considerations cited above do not justify an award to a defendant.  Congress did intend, however, to deter bringing lawsuits without foundation.  Under § 1988, attorney's fees may be awarded against a civil rights plaintiff if the suit was "frivolous, unreasonable, or groundless, or [if] the plaintiff continued to litigate after it clearly became so."  *Christiansburg Garment Co.*, 434 U.S. at 422;[1] *see Hensley*, 461 U.S. at 429 n.2 (stating prevailing defendant may be awarded attorney's fees if suit was "vexatious, frivolous, or brought to harass or embarrass the defendant").  Subjective bad faith is not required.  *Christiansburg Garment Co.*, 434 U.S. at 421.  A defendant may recover attorney's fees "'if the plaintiff violates this standard *at any point during the litigation*, not just at its inception.'"  *Thorpe v. Ancell*, 367 Fed. Appx. 914, 919 (10th Cir. 2010) (unpublished)[2] (quoting *Galen v. Cty. of Los Angeles*, 477 F.3d 652, 666 (9th Cir. 2007)); *see Munson v. Milwaukee Bd. of Sch. Dirs.*, 969 F.2d 266, 271 (7th Cir. 1992) (cited by *Thorpe* for proposition that initially nonfrivolous action may become frivolous if, e.g., factual basis is shown to be groundless during discovery).

Whether attorney's fees are warranted under § 1988(b) is an issue committed to the discretion of the district court, which has a "'superior understanding of the litigation.'"  *Thorpe*,

---

[1] Although *Christiansburg* involved Title VII of the Civil Rights Act of 1964, the applicable provision is virtually identical to § 1988(b); the Supreme Court has applied the *Christiansburg* standard to cases in which a defendant seeks fees under § 1988(b).  *See Hensley*, 461 U.S. at 429 n.2; *Thorpe v. Ancell*, 367 Fed. Appx. 914, 919 n.9 (10th Cir. 2010) (unpublished).

[2] The Court cites this and other unpublished opinions for their persuasive value.  *See* 10th Cir. R. 32.1(A).

367 Fed. Appx. at 919 (quoting *Hensley*, 461 U.S. at 437, and also noting the desirability of avoiding frequent appellate review of essentially factual matters).   The Supreme Court emphasized that a court must "resist the understandable temptation to engage in *post hoc* reasoning, by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Id*. at 421-22.   "This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success." *Id*. at 422.

### B.  Analysis Under § 1988(b)

Defendants argue that they are entitled to attorney's fees under § 1988 because the suit "was frivolous at multiple points during the litigation." [Doc. 170, p. 4]  Defendants contend that Plaintiffs failed to satisfy basic pleading requirements, delayed in requesting permission to file an amended complaint, and "completely changed their story" so that the Court denied the amendment in part based on its observation that the case would impermissibly become a "moving target." [Doc. 170, p. 5]

Plaintiffs respond that they filed their lawsuit based on their "genuine beliefs that their constitutional rights were violated on July 4, 2009," when Plaintiff Gutierrez was tased in the course of a police officer's attempt to stop her after a traffic violation.  [Doc. 173, p. 1]  Plaintiffs cite legal authority on the high standard applicable to determine whether a defendant is justified in receiving an award of attorney's fees, and argue that this standard has not been met in this case.  Plaintiffs argue that their lawsuit was not frivolous, and that they have valid and legitimate challenges to raise in their current appeal to the Tenth Circuit.

Defendants may recover attorney's fees, in the Court's discretion, only if the suit was "frivolous, unreasonable, or groundless, or [ ] the plaintiff continued to litigate after it clearly

became so." *Christiansburg Garment Co.*, 434 U.S. at 422.  The Tenth Circuit explained:  "This is a difficult standard to meet, to the point that rarely will a case be sufficiently frivolous to justify imposing attorney fees on the plaintiff."  *Mitchell v. City of Moore*, 218 F.3d 1190, 1203 (10th Cir. 2000).  Dismissal for failure to state a claim or on summary judgment does not necessarily show that this stringent standard has been met.  *Id.*; *see Jane L. v. Bangerter*, 61 F.3d 1505, 1513 (10th Cir. 1995).  Under "rare circumstances," a suit may be determined to be "truly frivolous so as to warrant an award of attorneys' fees to the defendant."  *Clajon Prod. Corp. v. Petera*, 70 F.3d 1566, 1581 (10th Cir. 1995); *see Thorpe*, 367 Fed. Appx. at 920 (quoting *Clajon Prod. Corp.* for this principle).  "A frivolous suit is one 'based on an indisputably meritless legal theory, ... [or] whose factual contentions are clearly baseless.'"  *Thorpe*, 367 Fed. Appx. at 919 (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

In *Thorpe*, the plaintiffs, who owned and operated a bail bonds company, brought a § 1983 claim against individuals from the Mesa County Sheriff's Department and the Grand Junction Police Department, claiming numerous constitutional violations and several state law violations.  *Thorpe*, 367 Fed. Appx. at 916-17.  "Some of the factual allegations [in the First Amended Complaint] were astounding."  *Id.* at 917.  In granting Defendants' motions for summary judgment, the district court "noted the Thorpes were relentless in their 'spurious assertions' which were supported only by 'misrepresentations and exaggerations' of the record."  *Id.* at 918.  "Nonetheless, the Thorpes had never withdrawn any of these sensational accusations even though there was no factual basis to support them."  *Id.*  The district court *sua sponte* ordered the plaintiffs' counsel to show cause why the court should not order him or plaintiffs to pay the defendants' attorney's fees under § 1988(b).

In *Thorpe*, the court emphasized the utter lack of basis for the plaintiffs' suppositions and claims.  For instance, the Tenth Circuit stated that even if all statements by allegedly unreliable witnesses were disregarded, the plaintiffs "could not reasonably believe the remaining information in the affidavits failed to establish probable cause," thus negating the plaintiffs' claim for malicious prosecution.  *Id.* at 921-22.  The Tenth Circuit concluded that there was "no evidence" supporting many of the plaintiffs' "unsupported and sensational factual allegations." *Id.* at 923.  The district court "noted that throughout the proceedings the Thorpes played fast and loose with the record in supporting their arguments to the point some assertions were flatly contradicted by the undisputed facts."  *Id.* at 924.  The district court also "found not only that the Thorpes' claims were frivolous but that 'courts are not proper fora for publication of fantastic allegations of the sort that the Thorpes concocted in their complaint.'"  *Id.*  The district court further concluded that "the 'fantastic' factual allegations contained in the complaint were improperly 'concocted' to be publicized in judicial proceedings."  *Id.*  The Tenth Circuit concluded that these findings by the district court justified the award of attorney's fees to the defendants.  *Id.*

In *Clajon*, the Tenth Circuit affirmed the district court's ruling that the intervenors were not entitled to an award of attorney's fees after the court granted summary judgment on all of the plaintiffs' federal constitutional claims.  *Clajon Prod. Corp. v. Petera*, 70 F.3d 1566, 1581 (10th Cir. 1995).  *Clajon* observed that it is only under "rare circumstances" that a suit is "truly frivolous so as to warrant an award of attorneys' fees to the defendant."  *Id.*  The Tenth Circuit stated:   "In contrast, the instant case presents novel and difficult legal questions whose meritworthiness is underlined by the close consideration that we afford to them."  *Id.*

In *Jane L.*, the Tenth Circuit made clear that claims which are given more than cursory review are not frivolous:  "Those claims dismissed on 12(b)(6) motions that receive 'careful consideration,' especially as evidenced by lengthy, detailed, and reasoned orders or opinions, are not 'groundless' or 'without foundation.'"  *Jane L. v. Bangerter*, 61 F.3d 1505, 1513 (10th Cir. 1995).  The district court in *Jane L.* had given the plaintiff's arguments more than cursory review, conducting a lengthy application of the law to the facts, and had not labeled any of the arguments frivolous.  *Id.* at 1514.  Reasoning that the district court would "have had no need to engage in prolonged and fact-specific inquiries" if the plaintiff's theories were "truly frivolous," the Tenth Circuit held that the district court abused its discretion in awarding attorney's fees to the defendant.   *Id.* at 1514-17.  Even though the district court concluded that one argument "*borders* on the frivolous," the district court "did not conclude that the argument *was* frivolous, however, and in fact gave it more than minimal consideration."  *Id.* at 1514 n.7.

In the case before this Court, Defendants may have had strong arguments supporting their motions for dismissal or for summary judgment.  The Court did not, however, characterize Plaintiffs' arguments as frivolous, and the Court issued lengthy opinions containing application of the law to the facts and constituting much more than cursory review.  *See Jane L.*, 61 F.3d at 1513-14.  The Court issued five lengthy memorandum opinions[3]; these lengthy and detailed opinions support Plaintiffs' contention that their claims were not frivolous.  The Court recognizes that some of Plaintiffs' arguments, as in *Jane L.*, may have lacked significant support; however, the Court cannot conclude that Plaintiffs' claims were so lacking in merit that they rose to the level warranting an award of attorney's fees under § 1988(b).  Recognizing that the cases discussed above do not necessarily establish a floor below which a court may not permissibly

---

[3] The five memorandum opinions were:  34 pages long, 39 pages, 14 pages, 67 pages, and 33 pages.  [Docs. 167, 161, 149, 141, 120]

impose sanctions, the Court nevertheless finds it instructive to compare the cases.   There is nothing comparable to the astounding and sensational unsupported factual allegations of *Thorpe*. Plaintiffs' case involved considerations of use of force and the standards of taser use, a relatively new and evolving area as of the critical time:   the incident at issue occurred in 2009.   And Plaintiffs raised some relatively novel and difficult legal questions—a significant consideration which prevented *Clajon* from being characterized as a frivolous case.

The Court has reviewed and considered the entire course of proceedings in this case, and has taken into account its "overall sense" of the suit.   *See Fox*, 563 U.S. at 838.   The Court has extensive familiarity with Plaintiffs' claims, from considering numerous motions and issuing five lengthy opinions.   *See Hensley*, 461 U.S. at 437 (emphasizing court's discretion in view of the district court's superior understanding of the litigation and desirability of minimizing appellate review of essentially factual matters).   Considering the entire suit and all of the numerous pleadings filed, the Court finds that the suit was not frivolous, unreasonable, or groundless, and Plaintiffs did not continue to litigate "after it clearly became so."   The Court concludes that Defendants have not met the standard justifying an award of attorney's fees under § 1988(b).

## III.  Defendants' Attorney's Fees Under 28 U.S.C. § 1927

### A.  Legal Standards

28 U.S.C. § 1927 provides:

> Any attorney … who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

§ 1927 "targets conduct that multiplies the proceedings, which, when 'viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court.'" *Steinert v.*

*Winn Group, Inc.,*, 440 F.3d 1214, 1226 (10th Cir. 2006) (quoting *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1342 (10th Cir. 1998) (internal quotation marks omitted)).  A court need not find that an attorney subjectively acted in bad faith.  *Baca v. Berry*, 806 F.3d 1262, 1268 (10th Cir. 2015).  A finding that an attorney acted in subjective bad faith, however, does constitute vexatious and unreasonable conduct under § 1927.  *Id.* at 1273.

There must be a causal connection, so that an attorney's objectionable conduct "'result[ed] in proceedings that would not have been conducted otherwise.'"  *Id.* (quoting *Peterson v. BMI Refractories*, 124 F.3d 1386, 1396 (11th Cir. 1997)).  Some examples of sanctionable conduct include cases in which the attorney:  acts recklessly or with indifference to the law; is cavalier or bent on misleading the court; intentionally acts without a plausible basis; or causes unjustified discovery for the improper purposes of harassment, unnecessary delay, or to increase costs.  *Id.* at 1268 n.3; *see Miera*, 143 F.3d at 1342.  In addition, sanctions may be justified, in the court's discretion, if the entire course of the proceedings (following initiation) was unwarranted.  *Baca*, 806 F.3d at 1268 & n.3.  An attorney cannot be held liable under § 1927 for initiating meritless litigation, but only for subsequently causing multiplication of the proceedings after commencement.  *Steinert*, 440 F.3d at 1224-25.

### B.  Analysis Under § 1927

Defendants argue that they are entitled to attorney's fees under 28 U.S.C. § 1927 because Plaintiffs' Counsel unreasonably multiplied the proceedings, and "repeatedly demonstrated blatant disregard for the rules of civil procedure, this Court's local rules, and well established law."  [Doc. 170, p. 2]  Defendants observe that some of Plaintiffs' briefs failed to articulate a legal argument or cite relevant legal authority.  Defendants argue that some motions were untimely or improper, and argue that Defendants were compelled to address Plaintiffs' rule

violations and misapplication of law.  Some of the Defendants chose to file various motions to strike—none of which were, however, granted by the Court.

The Response argues that Plaintiffs' Counsel was not the cause of most of the delay in this case.  Plaintiffs' Counsel denies that she failed to meet basic pleading requirements.

§ 1927 sets "an 'extreme standard,' and fees should be awarded 'only in instances evidencing a serious and standard disregard for the orderly process of justice.'"  *Baca*, 806 F.3d at 1268 (quoting *AeroTech, Inc. v. Estes*, 110 F.3d 1523, 1528 (10th Cir. 1997) (internal quotation marks omitted)).  Courts "'must strictly construe[ ]' the statute to guard against 'dampen[ing] the legitimate zeal of an attorney in representing his client.'"  *Id*. (quoting *Braley v. Campbell*, 832 F.2d 1504, 1512 (10th Cir. 1987) (en banc)).

In *Steinert*, the plaintiff's attorney "embarked on a five-month extension-seeking campaign," requesting a total of at least thirty-four extensions to file various pleadings and citing at least eleven different types of excuses.  *Id*. at 1217-18.  After reviewing the entire course of the litigation, the district court found a pattern of inexcusable neglect.  *Id*. at 1218.  The district court then cautioned the attorney that failure to comply with a forty-eight-hour deadline might result in an order that the plaintiff or the attorney pay costs and attorney's fees.  *Id*.  The attorney later conceded that a § 1983 claim failed for lack of state action, and argued for liability under § 1985 (later dismissed for failure to state a claim).  *Id*. at 1219-20.  The attorney "then embarked on another extension-seeking campaign," citing an extensive variety of excuses.  *Id*. at 1219.  The attorney ultimately moved to dismiss the case with prejudice, citing his client's financial inability to continue.  *Id*. at 1220.  The district court ordered an award of fees under § 1927 based on:  (1) the attorney's moving forward with § 1983 and § 1985 claims, lacking clear legal basis, which the court found had multiplied the proceedings, had resulted in an increase in cost, and

was unreasonable and vexatious; and (2) the attorney's requested extensions, which the court found had multiplied the proceedings by about 495 days and had unreasonably and vexatiously increased the costs. *Id*. at 1220-21. The district court sanctioned the attorney for $20,677. *Id*. at 1221.

The Tenth Circuit affirmed in part, ruling that the district court had abused its discretion in awarding sanctions partly based on initiating meritless claims rather than only on subsequently continuing to advance meritless claims. *Id*. at 1225-26. In affirming, the Tenth Circuit observed that the district court had cautioned the attorney that his conduct could lead to sanctions. *Id*. at 1222. *Steinert* holds that § 1927 is available to punish excessive extension requests—detailing an extraordinary number of such requests, with various reasons given, and with the "'primary factors'" having been deceptively concealed from the district court, according to the attorney's own later statement. *Id*. at 1226. The Tenth Circuit affirmed the district court's conclusion that the numerous and predominantly untimely extension requests met the § 1927 standard. *Id*.

In *Steinert*, the Tenth Circuit cited with approval the standard set forth in *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1342 (10th Cir. 1998). In *Miera*, the district court granted the defendant's motion for summary judgment, dismissing all of Miera's statutory causes of action. *Id*. at 1339. The district court awarded $2,584 in attorney's fees against Miera's attorney under § 1927, finding that the attorney's failure to cite or discuss a determinative federal case (*Quinones*)—although the case was cited by the defendant—was unreasonable and vexatious, demonstrating reckless disregard of the attorney's duty of candor toward the court. *Id*. at 1338, 1342. The Tenth Circuit recognized that § 1927 permits sanctions for a lawyer's reckless indifference to the law. *Id*. But because § 1927 is "penal in nature, the award should be made only in instances evidencing serious and standard disregard for the orderly process of justice."

12

*Id*. (internal quotation marks omitted).  The Tenth Circuit criticized the attorney's failure to cite *Quinones*, but held that failure did not rise to "such objectively unreasonable conduct under the circumstances of this case to warrant the imposition of sanctions"; the attorney had not misrepresented New Mexico state law to the district court.  *Id*. at 1343.  Concluding that the attorney's failure to cite the determinative federal case did not rise to the standard justifying sanctions under § 1927, the Tenth Circuit held that the district court abused its discretion and reversed the award of attorney's fees to the defendant.  *Id*.

Although Defendants contend that the Court "spent substantial time and effort admonishing Plaintiffs' counsel for the manner in which she prosecuted this case," the Court does not find that a substantial amount of the Court's time was taken up in this way.  Instead, the Court finds that only a relatively insignificant amount of its time was so consumed, and that addressing the allegations and the substantial bodies of law involved consumed the majority of the Court's time.  Nor does the Court find that significant amounts of delay were occasioned by the manner in which Plaintiffs' Counsel prosecuted the case; the Court notes that a substantial amount of delay was caused by the Court's very busy docket.

The Court has carefully reviewed and considered the entire course of the litigation in this case.  *See Steinert*, 440 F.3d at 1226 (approving court's looking back upon the entire course of the litigation).  In ruling on more than twenty motions in five lengthy opinions, the Court acquired extensive familiarity with the course of proceedings and the conduct of Plaintiffs' Counsel.  Recognizing that the cases discussed above do not purport to establish a floor below which attorney's fees cannot be justified, the Court nevertheless concludes from comparing those cases that the conduct of Plaintiffs' Counsel in this case does not rise to the level warranting an award of attorney's fees under § 1927.  There is nothing in this case comparable to the pattern of

13

inexcusable neglect found in *Steinert*.  Viewed objectively, the Court finds that Plaintiffs' Counsel did not manifest intentional or reckless disregard of her duties to the Court.  *See Steinert*, 440 F.3d at 1226.  In considering the pleadings filed by Plaintiffs' Counsel after commencement of the case, the Court does not see reckless indifference to the law, or serious and standard disregard for the orderly process of justice.  *See Miera*, 143 F.3d at 1339-43.  The Court finds that Plaintiffs' Counsel did not act in an objectively unreasonable way.  In view of the Court's responsibility to "strictly construe" § 1927, to guard against "dampen[ing] the legitimate zeal of an attorney in representing [her] client," the Court concludes that an award of attorney's fees under § 1927 is not justified in this case.  *Baca*, 806 F.3d at 1268.

## CONCLUSION

The Court concludes that Defendants are entitled to their costs, totaling $123.44.  After carefully reviewing the extensive proceedings in this case, the Court concludes that an award of Defendants' attorney's fees is not warranted under either § 1988(b) or § 1927.

**IT IS THEREFORE ORDERED THAT** Defendants' *Joint Motion for Costs and Attorneys' Fees* [Doc. 170] is **GRANTED IN PART** and **DENIED IN PART**, as discussed above.

_____
**UNITED STATES DISTRICT JUDGE**